**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Stephen S Edwards, | No. CV-25-02422-PHX-MTL |
| Plaintiff, | **ORDER** |
| v. | |
| Hugh Heygi, et al., | |
| Defendants. | |

Plaintiff filed a complaint against retired Maricopa County Superior Court Judge Hugh Heygi, retired Maricopa County Superior Court Judge Janet E. Barton, and Lakewood Community Association. (Doc. 1.) Since then, Plaintiff has filed one motion to allow alternative service (Doc. 9).

This Court may sua sponte dismiss a complaint when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Even though Plaintiff paid the filing fee, the court retains the ability to sua sponte dismiss a claim under Federal Rule of Civil Procedure 12(b)(6). *See Wong v. Bell*, 642 F.2d 359, 361-62 (9th Cir. 1981) (citing 5 C. Wright & A Miller, *Federal Practice and Procedure* § 1357 at 593 (1969)). This dismissal may be made without prior notice if the claimant cannot possibly win relief. *See Wong*, 642 F.2d at 362; *see also Franklin v. Murphy*, 745 F.2d 1221, 1227 n.6 (9th Cir. 1984) ("A paid complaint that is 'obviously frivolous' does not confer subject matter jurisdiction"). Like the prior lawsuits filed by Plaintiff in this district, this Court will

dismiss this case for failure to state a claim.[1]

First, Plaintiff sues Defendants retired Judges Heygi and Barton for their actions allegedly taken in their capacity as a judge. "Judges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities." *Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986). A "judicial" act occurs when "it is a function normally performed by a judge" when the parties at issue have "dealt with the judge in his judicial capacity." *Stump v. Sparkman*, 435 U.S. 349, 362 (1978). This judicial immunity applies to acts of conspiracy or bribery. *Ashelman*, 793 F.2d at 1078.

Here, Plaintiff alleges federal conspiracy and fraud claims against retired Judges Heygi and Barton for acts that were taken in their capacity as judges in Plaintiff's prior state court cases. (Doc. 1) Therefore, retired Judges Heygi and Barton are immune from liability in this lawsuit, and this result cannot be cured by amendment.

Second, Plaintiff sues Defendant Lakewood Community Association. These claims are based on Lakewood's pursuit of state-court litigation against Plaintiff. (Doc. 1.) Under the *Rooker-Feldman* doctrine, "a party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a [federal] court, based on the losing party's claim that the state judgment itself violates the loser's federal rights." *Johnson v. De Grandy*, 512 U.S. 997, 1005-06 (1994).[2] This doctrine even applies "where the challenge to the state court decision involves federal constitutional issues, including section 1983 claims." *Benavidez v. County of San Diego*, 993 F.3d 1134, 1142 (9th Cir. 2021) (citations omitted).

Here, although lacking clarity, Plaintiff seems to claim a federal discrimination claim against Lakewood Community Association and requests request federal review of

---

[1] Recently, two Judges in this district dismissed Plaintiff's twenty-fourth and twenty-fifth lawsuits filed in this court. *See Edwards v. Maricopa County Superior Court*, CV 25-2296-PHX-KML (D. Ariz. July 7, 2025); *Edwards v. Christopher A. Coury, et al.*, CV-25-01964-JAT (D. Ariz. July 29, 2025). In the orders, the court found that Plaintiff had been deemed a vexatious litigant by both a judge in this district and the Maricopa County Superior Court. *Id.*

[2] *See also District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482, 103 S.Ct. 1303, 1314–15, 75 L.Ed.2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 416, 44 S.Ct. 149, 150, 68 L.Ed. 362 (1923).

the underlying state-court action. (Doc. 1.) The Court cannot do this under the *Rooker-Feldman* doctrine, and this cannot be cured by amendment.

**IT IS THEREFORE ORDERED** that this case be **dismissed with prejudice** and the Clerk of the Court shall enter judgment accordingly.

**IT IS FURTHER ORDERED** that the pending motion for alternative service (Doc. 9) is **denied** as moot.

Dated this 6th day of August, 2025.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge